UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br>ALFRED SMITH AND GLORIA SMITH,<br>                Debtors | IN PROCEEDINGS UNDER<br>CHAPTER 13<br>CASE NO. 01-13726-JNF |

**MOTION OF DEBTORS' FOR THE PERMISSIVE WITHDRAWAL OF THE REFERNCE UNDER 28 U.S.C. § 157(D) CONCERNING THE DEBTORS' MOTION FOR RECONSIDERATION OF COURT'S MAY 19, 2005 ORDER**

NOW COME the Debtors, Alfred and Gloria Smith, and hereby move this honorable court, pursuant to Massachusetts Local Bankruptcy Rule 5011-1 and 28 U.S.C. § 157(d), for and order withdrawing the District Court's standing order of reference with respect to the determination of the Debtors' Motion for Reconsideration of Court's May 19, 2005 Order. As grounds therefor, the Debtors hereby state as follows:

**STATEMENT OF FACTS AND PROCEEDINGS BELOW**

1. The Debtors had a motor vehicle accident in August 2002 that resulted in the Vehicle being declared a total loss. Liberty Mutual Insurance Company, the Debtors' auto insurance company, forwarded a check in the amount of $7,663.08 towards payoff of the loan on the vehicle to Americredit Finance ("Americredit") on or about September 11, 2002.

2. Americredit was overpaid when the Trustee turned over a $7,012.11 check from refinancing.

3. The Court subsequently ordered the Trustee to object to Americredit's claim and recover the funds, to the extent possible.

109

4. On March 23, 2005 a Hearing was scheduled for May 19th, 2005. On PACER, this hearing is described as: "Hearing scheduled for 5/19/2005 at 10:00 AM Boston Courtroom 1. Objections due by 5/13/2005 at 4:30 PM., Chapter 13 Trustee's Objection to Amended Proof of Claim filed by Americredit Pursuant to This Court's Order and Memorandum entered March 4, 2005". In other words, the docket lead the Debtors and their legal counsel to believe that the Hearing Scheduled for 5/19/2005 was solely to adjudicate Americredit's proof of claim, not to make an adjudication of the distribution of funds received by the Trustee from Americredit.

5. Nowhere on the PACER docket is it noted that the May 19, 2005 Hearing was to adjudicate the aforementioned residual funds. Rather, the PACER docket states that the purpose of the Hearing is to adjudicate a proof of claim issue. As such, the Debtors' counsel reasonably believed that it would be inappropriate to appear as the Debtors were not parties to the Trustee's claim objection.

6. The Debtors have asserted that the funds received are the proceeds of the exempt property, namely their homestead equity. Further, they assert that they are equitably subrogated to the rights of Americredit in the funds received by the Trustee.

7. The Debtors' timely filed a Motion for Reconsideration of the bankruptcy court's May 19, 2005 Order which directed that the funds held be the Trustee be re-distributed to remaining creditors' rather than the Debtors.

8. As part of the basis for the Debtor's Motion for Reconsideration, the Debtors asserted that, to the extent that the Trustee claimed the right to unilaterally increase the dividend over and above the percentage amount listed in the Debtors' First Amended Plan based upon the provisions in the form of confirmation order set forth in the Massachusetts Local Bankruptcy Rules,[1] such a provision was contrary to the vesting provisions contained in the Debtors' confirmed Chapter 13 plan[2] under 11 U.S.C. §§ 1321 and 1322(b)(9), and that enforcement of the Local Rule mandating the form of confirmation order would constitute, as applied, a violation of the Due Process Clause of the Fifth Amendment.

9. Furthermore, the Debtors' asserted as part of their Motion for Reconsideration that the provision of the Massachusetts Local Bankruptcy Rules mandating the form of Chapter 13 confirmation order which eliminated any possibility of vesting of property in anyone other than the Debtor and at any time other than the date of the Debtor's discharge was impermissibly inconsistent with substantive law and not enforceable, pursuant to 28 U.S.C. §2075.

10. On July 21, 2005, the court conducted a preliminary hearing on the Debtors' Motion to Reconsider at which time the issue of the validity and enforceability of

---

[1] The language of paragraph 3 of the Local Form of Chapter 13 Confirmation Order (Massachusetts Local Bankruptcy Rule Official Form 4) provides that "[u]nless otherwise ordered by the court, all property of the estate as defined by 11 U.S.C. §§ 541 and 1306, including, but not limited to, any appreciation in the value of real property owned by the debtor as of the commencement of the case shall remain property of the estate during the term of the plan *and shall vest in the debtor(s) only upon discharge.*" (Emphasis supplied.)

the Massachusetts Local Bankruptcy Rules mandating the form of Chapter 13 confirmation order was raised. The court then issued an Order directing that the Debtors' submit a Brief regarding the issues raised on or before August 1, 2005 and that the Chapter 13 Trustee should submit a Reply Brief by August 12, 2005. No further hearings have as yet been scheduled by the bankruptcy court.

### BASIS FOR RELIEF REQUESTED FOR PERMISSIVE WITHDRAWAL OF THE REFERENCE

11. The provisions of 28 U.S.C. § 157(d) state, in pertinent part, as follows: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."

12. In evaluating whether to allow permissive withdrawal of the reference, courts have looked to the timeliness of the motion and whether "cause" exists. With respect to the "timeliness" of the instant motion, the Debtor's assert that the instant motion is timely presented because the fundamental issue as to the validity and enforceability of the relevant local rule and form of order was only joined on July 21, 2005, a period of only two (2) weeks past.

13. While Debtors' counsel has already submitted the Brief required by the bankruptcy court, the time for the Chapter 13 Trustee's brief has not yet elapsed and, to the extent required, the Debtors' would agree to any reasonable extension of time needed by the Trustee to timely submit a Reply Brief, as needed.

---

2/   The Debtors' confirmed Chapter 13 plan explicitly provided for vesting of property

14. With respect to the substantive requirement of "cause" for permissive withdrawal of the reference, the Debtors assert that the issues raised by them with respect to the implementation of local bankruptcy rules is best evaluated by the District Court, which has oversight of all bankruptcy "cases" under 28 U.S.C. § 1334(a), not the bankruptcy court. The District Court is in a substantially better position to fairly evaluate the impact of the local bankruptcy rule and form of confirmation order at issue, without any possible appearance of bias because:

   (a) the issues raised by the Debtors as part of the Motion for Reconsideration involve a statute other than the Bankruptcy Code, specifically 28 U.S.C. § 2075; and

   (b) a matter of the constitutionality, based upon considerations of Due Process, of the local bankruptcy rules as applied in this case exists, local bankruptcy rules that were promulgated by the bankruptcy court in the first instance.

15. Moreover, by evaluating the enforceability of the local bankruptcy rule and relevant portion of the form of Chapter 13 confirmation order, the District Court can provide a greater level of uniformity of practice and administration throughout *both* divisions of the entire judicial district and thereby reduce any possible issue of "forum shopping" by parties in future matters involving the same issues raised herein.

---

of the estate upon confirmation of the plan, not at the time of discharge.

16. Further, the issues raised by the Motion for Reconsideration are strictly legal in nature, not factual, and very narrow in scope. Consequently resolution of this matter will not require the District Court to expend any substantial judicial resources in resolving the matter. The resolution of this matter before the District Court will provide a greater level of judicial efficiency since it will resolve a legal matter that would be otherwise capable of a multiplicity of actions before different bankruptcy court judges.

WHEREFORE, the Debtors respectfully request that the court issue an Order withdrawing the reference with respect to the proceedings regarding Debtors' Motion for Reconsideration of Court's May 19, 2005 Order and directing the bankruptcy court below to forward all pleadings, memoranda, briefs, and other documents relating to such motion to the U.S. District Court for resolution and determination.

ALFRED SMITH AND GLORIA SMITH,
Debtors,
By their attorney,

Date: 8/4/2005

/s/ Richard N. Gottlieb, Esq.
Richard N. Gottlieb, Esq.  BBO # 547970
Law Offices of Richard N. Gottlieb
Eleven Beacon Street
Suite 625
Boston, MA 02108
(617) 742-4491

## CERTIFICATE OF SERVICE

I, Richard N. Gottlieb, Esq., hereby certify that I have this day served a copy of the papers and pleadings attached hereto upon on persons listed below, by first-class mail, postage paid.

Date:  8/4/2005

/s/ Richard N. Gottlieb, Esq.
Richard N. Gottlieb, Esq.  BBO # 547970
Law Offices of Richard N. Gottlieb
Eleven Beacon Street
Suite 625
Boston, MA 02108
(617) 742-4491

Persons served:

Alfred and Gloria Smith
87 Crestfield Drive
Brockton, MA 02302

Office of the U.S. Trustee
Thomas P. O'Neill Jr. Fed. Bldg.
10 Causeway St., Rm 1184
Boston, MA 02222-1043

Doreen B. Solomon, Esq.
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114

# CIVIL COVER SHEET

the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form States in September 1974, is required for the use of Clerk of Court for the purpose of initiating the civil docket sheet. (SEE RUCTIONS ON THE REVERSE OF THE FORM.)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Alfred and Gloria Smith | Doreen B. Solomon, in her capacity as Chapter 13 Trustee for the Eastern Division of the District of Massachusetts |
| (b) County of Residence of First Listed Plaintiff  **Plymouth** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant  **Suffolk** (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |
| (c) Attorney's (Firm Name, Address, and Telephone Number) Richard N. Gottlieb, Esq., Law Offices of Richard N. Gottlieb Eleven Beacon Street, Suite 625, Boston, MA 02108 (617) 742-4491 | Attorneys (If Known) Patricia Reimer, Office of the Chapter 13 Trustee P.O. Box 8250, 180 Canal Street, Boston, MA 02114 (617) 723-1313 |

**BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ | ☐ 1 Incorporated or Principal Place of Business In This State | | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 Incorporated and Principal Place of Business In Another State | | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 Foreign Nation | | ☐ 6 | ☐ 6 |

**NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☒ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Ac | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

(Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Magistrate Judgment

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**28 U.S.C. § 2075**

Brief description of cause: Motion for Permissive Withdrawal of the Reference under 28 U.S.C. § 157(d) with respect to bankruptcy proceeding

COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    CHECK YES only if demanded in complaint:  JURY DEMAND: ☐ Yes  ☒ No

IF ANY (See instructions) JUDGE  **Joan N. Feeney**    DOCKET NUMBER **01-13726-JNF**

ATE /4/2005    SIGNATURE OF ATTORNEY OF RECORD

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required ence of the United States in September 1974, is required for the use

(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only r standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving

(b) County of Residence. For each civil case filed, except U.S. plaintiff ca ses, enter the name of the county where the first listed plaintiff resides at the time e county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting ection "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one

an "X" in this box.

where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box

cked, the citizenship of the

**Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if di versity of citizenship was indicated above. Mark this section

**Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient

**Origin.** Place an "X" in one of the seven boxes.
nal Proceedings. (1) Cases which originate in the United States district courts.

is granted, check this box.

ransferred under Title 28 U. S.C. Section 1404(a). Do not use this for within district transfers or multidistrict

ty of Title 28 U.S.C. Section 1407. When this box

ppeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**CauseofAcdon.** Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes**
Example:  U.S. Civil Statute: 47 USC 553
Brief Description: Un-a-Úoṕfedeception of cable service

**Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

**Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers

Date and sign the civil cove r sheet.